UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


EDMUND JASINSKI,

      Petitioner,

-vs-                                           Case No.  8:13-CV-3241-T-27TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/


## ORDER

Before the Court is Petitioner's Renewed Motion for Reconsideration/Relief from Judgment (Dkt. 15).  Upon consideration, the motion is DENIED.

## BACKGROUND

On December 26, 2013, Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1).  Respondent opposed the petition, moving to dismiss the petition as time-barred (Dkt. 6).  Despite being given the opportunity to file a reply/response to the motion to dismiss (see Dkt. 5 at pp. 3-4), Petitioner failed to file a reply/response.  On May 19, 2014, the Court dismissed the petition as time-barred (Dkt. 9), and entered Judgment on May 21, 2014 (Dkt. 10).

On June 12, 2014, Petitioner filed a motion requesting reconsideration of the order dismissing his petition (Dkt. 11).  In the motion, Petitioner asserted that his federal habeas petition was actually filed by an attorney, Crystal McBee-Frusciante.  He further contended that when he received a copy of Respondent's response to the petition, he mailed the response to McBee-

Frusciante so that she could file a reply to the response. McBee-Frusciante, however, never filed a reply and did not return the response to Petitioner so that he could file the reply himself. The Court denied the motion without prejudice to Petitioner renewing the motion (Dkt. 14).

Petitioner now moves the Court to vacate the Judgment, apparently pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure, to allow him an opportunity to file a reply and argue entitlement to equitable tolling.

## DISCUSSION

Relief from judgment under Rule 60(b)(6) is an extraordinary remedy which requires a showing of extraordinary circumstances justifying the reopening of a final judgment. *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014). Petitioner has not demonstrated extraordinary circumstances.

First, Petitioner represented to the Court that he was appearing *pro se* and gave no indication that an attorney represented Petitioner in these proceedings, prepared the petition and memorandum of law, and intended to prepare the reply (see Dkts. 1, 4). Petitioner cannot hold himself out as *pro se*, then blame "behind-the-scenes" counsel for failing to adequately litigate his case. *Cf. Duran v. Carris*, 238 F.3d 1268, 1272-1273 (10th Cir. 2001) (litigant may not hold himself out as *pro se* if receiving assistance from counsel in preparing appellate brief) (collecting cases). Moreover, considering that Petitioner was aware of the deadline for filing a reply, and that "behind-the-scenes" counsel allegedly never responded to Petitioner and his family's multiple inquiries regarding the status of the reply (see Dkt. 15 at p. 2), Petitioner could and should have moved the Court for an extension of time to file a reply.

Second, even if the Court was to afford Petitioner an opportunity to file a reply, it would be

2

futile because he has not alleged extraordinary circumstances warranting equitable tolling. Petitioner asserts entitlement to equitable tolling because during the state post conviction proceedings he was represented by Attorney McBee-Frusciante, who, after suffering injuries in a bicycle accident in August 2010, was unable to practice law for "several months." (Dkt. 15 at p. 3). Even if true, it is apparent from the record that Attorney McBee-Frusciante recovered in time to file a Rule 3.850 motion prior to expiration of the one-year limitation period for filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (see Dkt. 8, Respondent's Ex. 9). Although the Rule 3.850 motion did not statutorily toll the one-year limitation period because it was not verified by Petitioner's oath as required by Florida law,[1] counsel's failure to include Petitioner's oath amounted to "simple negligence" and therefore does not warrant equitable tolling. *See Jones v. Sec'y, Florida Dep't of Corr.*, 499 Fed. Appx. 945, 952 (11th Cir. 2012) (unpublished) (Jones not entitled to equitable tolling where "[t]he untimeliness of Jones's § 2254 petition resulted from his counsel's simple negligence in failing to have Jones sign and properly verify the state post-conviction motions.") (citing *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.")).

Accordingly, Petitioner's Renewed Motion for Reconsideration/Relief from Judgment (Dkt. 15) is **DENIED**.

Pursuant to Rule 11, Rules Governing Section 2254 Cases, Petitioner is **DENIED** a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Pursuant to Rule

---

[1]See Fla. R. Crim. P. 3.987(1) (requiring defendant to sign under oath a motion for post conviction relief).

22(b)(l), Federal Rules of Appellate Procedure, Petitioner may request a certificate of

appealability from the Eleventh Circuit.  Finally, because Petitioner is not entitled to a certificate of

appealability, he is not entitled to appeal *in forma pauperis*.

      **DONE AND ORDERED** at Tampa, Florida, on _September 30th_____, 2014.

                                        JAMES D. WHITTEMORE
                                        United States District Judge

SA:sfc
Copy to: Counsel of Record
            Petitioner *pro se*